633 So.2d 1223 (1994)
Hung Chi "Tim" LY, et al.
v.
STATE of Louisiana, et al.
No. 92-CA-2312.
Supreme Court of Louisiana.
February 25, 1994.
Richard J. Dodson, John L. Tyler, Samuel R. Cicero, Stacey A. Moak, Charles T. Williams, Jr., John E. Baker, for appellant.
Paul A. Holmes, Larry G. King, Jr., Gerard T. Morgan, for amicus curiae, LA Mun. Ass'n.
PER CURIAM.[*]
Judgment was rendered awarding damages to the plaintiffs against the State of Louisiana and a state trooper in survival and wrongful death actions. The judgment also declared unconstitutional LSA-R.S. 13:5112(C) which limits pre-judgment interest on personal injury and wrongful death claims against the state to six percent.
Plaintiffs and defendants appealed to the Court of Appeal, First Circuit. On motion of the defendants, the appeals were transferred to this court by the court of appeal pursuant to La. Const., art. V, § 5(D), which provides that a case shall be appealable to the supreme court if a law has been declared unconstitutional. We remanded the case to the court of appeal for a decision on all issues other than the constitutionality of the statute, holding our decision on that issue in abeyance pending the court of appeal's decision on the other issues presented by the appeals.
The court of appeal has rendered a decision affirming the district court judgment. Ly v. State of Louisiana, et al., 633 So.2d 197 (La.App. 1st Cir.1993) (CA-92-1054R). We have today denied plaintiff's writ application from that decision. 93-3134 (La. 2/24/94); 634 So.2d 835.
The sole issue we now consider in the appeal by the state is the constitutionality of LSA-R.S. 13:5112(C) which limits pre-judgment interest payable by the state on claims for personal injury or wrongful death to six percent. At the times pertinent to this litigation (an amendment to the statute by Act 431 of 1993 has no effect on the issue before us), the statute provided:
Legal interest on any claim for personal injury or wrongful death shall accrue at six percent per annum from the date of judicial demand until the judgment thereon is signed by the trial judge in accordance with Code of Civil Procedure Article 1911. Legal interest accruing subsequent to the signing of the judgment shall be at the rate fixed by Civil Code Article 2924.
This precise issue was recently presented in Rick v. State, Through Dept. of Transp. and Dev., 93-C-1776 c/w 93-C-784 (La.1994); 630 So.2d 1271, in which we held that the limit on pre-judgment interest imposed by LSA-R.S. 13:5112(C) conflicts with the waiver of sovereign immunity set forth in LSA-Const. Art. XII, § 10(A). See also Chamberlain v. State, Through Dept. of Transp. and Dev., 624 So.2d 874 (La.1993); and Segura v. *1224 Louisiana Architects and Selection Board, 362 So.2d 498 (La.1978). We thus affirm the district court's holding that LSA-R.S. 13:5112(C) is unconstitutional.
AFFIRMED.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I disagree with the majority's holding that La.R.S. 13:5112(C)'s limitation on pre-judgment interest on personal injury and wrongful death claims against the state is unconstitutional. As stated in my dissent in Chamberlain v. State, Through Dept. of Transp. and Dev., 624 So.2d 874, 888 (La.1993), I believe the legislature is free to place a ceiling on the amount of general damages a plaintiff may recover against the state in a personal injury suit. If the legislature may limit the amount of personal injury damages, it clearly follows that it may limit the pre-judgment interest paid on such damages.
Moreover, even assuming Chamberlain was correct in holding that the legislature may not limit the state's liability as to damages, I do not believe that opinion (or the opinion in Rick v. State, Through Dept. of Trans. and Dev., 93-C-1776 c/w 93-C-1784, 630 So.2d 1271 (La.1994), which simply followed Chamberlain) adequately resolves the issue as to interest. Chamberlain's rationale was that the $500,000 damage limitation violated La. Const. Art. XII, § 10(A)'s mandate that "[n]either the state, a state agency, nor political subdivision shall be immune from suit ... for injury to person or property" by in effect making the state immune from suit for damages above $500,000. However, such reasoning does not explain why a limitation on pre-judgment interest, which is not an element of compensatory damages, creates state immunity from suit. In my view, a limitation on interest does not affect the plaintiff's right to sue the state for injury to person or property.
Accordingly, I respectfully dissent.
NOTES
[*] ORTIQUE, J., not on the panel. Rule IV, Part 2, Section 3.