657 So.2d 975 (1995)
Dennis CAVALIER and Norma Cavalier,
v.
CAIN'S HYDROSTATIC TESTING, INC., et al.
No. 94-C-1496.
Supreme Court of Louisiana.
June 30, 1995.
*978 Camille A. Morvant, II, Daniel A. Cavell, Peltier, Morvant & Cavell, for applicant.
Owen W. Joyner, William F. Page, Jr., Jeansonne & Briney; Daniel Joseph Nail, Risley C. Triche, for respondent.
Caleb H. Didricksen, III, Denise Angele Bostick, for Zurich Re (UK) Limited and Turegum Ins. Co., amicus curiae.
LEMMON, Justice[*].
This is an action to recover damages for plaintiff's on-the-job injury that was allegedly caused by the concurrent fault of plaintiff's employer and a third party tortfeasor. In reaching its verdict, the jury was instructed to consider the fault of all blameworthy persons, whether or not joined as a party. The jury quantified the fault of the third party tortfeasor at twenty percent, while attributing eighty percent of the fault to plaintiff's employer. Inasmuch as plaintiff's employer was immune from liability in tort under La. Rev.Stat. 23:1032, the employer was not cast in judgment.
The lower courts handled the assessment of liability against the third party tortfeasor differently. The trial court assessed liability at twenty percent, without discussion of whether the third party tortfeasor was solidarily liable for an additional thirty percent of the damages under the 1987 amendment to La.Civ.Code art. 2324B which, as interpreted in Touchard v. Williams, 617 So.2d 885 (La.1993), limits the solidary liability for each negligent joint tortfeasor to fifty percent of the recoverable damages. The court of appeal, following Gauthier v. O'Brien, 618 So.2d 825 (La.1993), disregarded the employer's fault and reallocated fault solely to the only other tortfeasor. The court accordingly assessed liability at one hundred percent, without discussing Article 2324B's limitation of liability to fifty percent for any negligent joint tortfeasor.
We granted certiorari to determine (1) the correctness of this court's decision in Gauthier which required quantification of employer fault, and (2) if employer fault should be quantified, the correctness of the assessment of liability by the court of appeal in light of the 1987 amendment to Article 2324B.
We now hold that quantification of employer fault is unnecessary and inappropriate. Inasmuch as the third party tortfeasor is the only person whose fault should have been quantified, we affirm the judgment of the court of appeal holding that party liable for one hundred percent of the damages.

Facts
Plaintiff, an employee of WHC Contractors, was injured while conducting hydrostatic testing of pipe at a job site owned by Transcontinental Gas Pipeline Corporation. Transcontinental had contracted with plaintiff's employer to fabricate and install pipeline at the job site, and plaintiff's employer had subcontracted the hydrostatic testing of the fabricated pipe to Cain's Hydrostatic Testing. Plaintiff was injured while assisting an employee of Cain's in the testing procedure.
Plaintiff filed this tort action, joining Transcontinental and Cain's as defendants. Prior to trial, plaintiff settled with Transcontinental and proceeded to trial against Cain's. The jury rendered a verdict finding Cain's negligent and fixing the damages at $500,000. In answering interrogatories relative to percentages of fault, the jury assessed eighty percent fault to plaintiff's employer and twenty percent fault to Cain's, with no fault to plaintiff or to Transcontinental (with whom plaintiff had settled). Pursuant to the verdict, the trial court rendered judgment in favor of plaintiff and against Cain's, but awarded only twenty percent of the total damages, apparently on the basis that the eighty-percent-at-fault employer was immune from tort liability and Cain's was only liable for the degree of fault quantified by the jury.
*979 The court of appeal amended the amount of the judgment rendered against Cain's, holding Cain's liable for one hundred percent of the damages. Cavalier v. Cain's Hydrostatic Testing, Inc., 93-1214 (La.App. 1 Cir. 5/20/94), 637 So.2d 724. The intermediate court relied on this court's holding in Gauthier v. O'Brien, 618 So.2d 825 (La.1993) that employer fault must be quantified by the jury in order to enable the jury to reach a fair determination of the relative fault of all blameworthy persons, but that the judge then must disregard the employer's fault and reallocate fault among the remaining blameworthy persons on a proportionate basis according to the ratio approach adopted in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991) for cases arising prior to the 1987 amendment to La.Civ.Code art. 2324B. Accordingly, the court of appeal disregarded the eighty percent fault of plaintiff's employer and reallocated fault to the only other blameworthy party. Without discussing amended Article 2324B's fifty percent limitation on solidary liability, the court held Cain's liable for one hundred percent of the recoverable damages.
This court granted certiorari. 94-1496 (La. 10/7/94), 644 So.2d 625.
The primary concern of our certiorari grant was that La.Civ.Code Article 2324B, as amended in 1987, expressly negates a negligent joint tortfeasor's solidary liability "with any other person for damages attributable to the fault of such other person" except "as described ... hereinabove," and the first sentence of Article 2324B ("hereinabove") limits any solidary liability to fifty percent of the recoverable damages. On certiorari, however, we have decided to revisit the question of whether the jury, or the judge in a bench trial, should quantify the fault of the plaintiff's employer in a tort action against a third party tortfeasor. The courts and commentators have struggled with this issue since the legislative adoption of comparative fault.

History of Quantification of Fault
Prior to the advent of comparative fault, quantification of the fault of parties, or even of persons not parties, was never an issue. In the case of joint tortfeasors each was liable to the plaintiff for the whole of the plaintiff's damages, and contribution among joint tortfeasors was by equal portions according to the number of tortfeasors. Of course, if the plaintiff was at fault, recovery was totally barred regardless of the plaintiff's degree of fault.
By La.Acts 1979, No. 431, the Legislature adopted a system of "pure" comparative fault, in which any contributory negligence by the plaintiff of less than one hundred percent merely reduces the amount of recovery. The Legislature was silent as to whose fault should be quantified, neither adopting nor rejecting the provisions of the Uniform Comparative Fault Act which recommended quantifying the fault only of parties to the action and of persons who settled with the plaintiff.[1]See § 2(a).
The Act amended La.Civ.Code art. 2323 simply to provide that contributory negligence, instead of defeating recovery, would only reduce the amount of damages in proportion to the "degree or percentage of negligence attributable to the person suffering the injury, death or loss." La.Civ.Code art. 2324, which in the 1825 and 1870 Codes had provided for solidary liability when one person caused another to commit a tort or assisted in the commission, was also amended to provide, among other things, for solidary liability among negligent joint tortfeasors ("[p]ersons whose concurring fault has caused injury, death or loss ..."). The Act, however, created an exception for a particular joint tortfeasor whose degree of fault was less than the tort victim's degree of negligence, in which case that tortfeasor's liability was solidary only up to the degree of his or her fault.
In the same 1979 act, the Legislature also amended former La.Code Civ.Proc. art. 1811 relative to special verdicts. The amended Article 1811B required the court, in cases to *980 recover damages for injury, death or loss, to submit written questions to the jury inquiring as to the causation and degree of fault of each party defendant and, "[i]f appropriate, whether another involved person ... was at fault," as well as that person's causation and degree of fault.[2] Other required questions addressed the plaintiff's negligence, causation and degree of fault, and the total amount of damages.
By Acts 1983, No. 534, the Legislature, on the recommendation of the Louisiana State Law Institute, again amended former La. Code Civ.Proc. art. 1811 and placed the special verdict provisions of former Article 1811B in Article 1812C. The amendment changed the word "shall" to "may" in Article 1812C and added the phrase "unless waived by all parties." Comment (b) explained that the amendment "requires the court to submit these written questions to the jury unless there is a waiver by all parties."
The 1983 amendment also deleted the word "involved" from Article 1812C(2) and added the phrase "whether party or not." Comment (c) stated that the purpose was "to clarify the meaning of question 2."
In Lemire v. New Orleans Pub. Serv., Inc., 458 So.2d 1308 (La.1984), this court cited 1983 Revision Comment (b) to Article 1812C and noted that "the apparent intent is that the court in such circumstances is required to submit the questions." (emphasis in original). However, that statement was not necessary to the holding of the case that the trial court's submitting the question of a public body's fault to the jury in a simultaneous bifurcated trial against both a private and a public defendant did not violate the statutory prohibition of jury trials against public bodies. Moreover, the Legislature by La.Acts 1985, No. 143, directed the Law Institute to delete the portion of the 1983 Revision Comment (b) that indicated the submission of written questions is required in the absence of a waiver by all parties.
Thus, the present state of the law with regard to submitting written questions to the jury in personal injury and wrongful death cases is that the trial court may, but is not required to, submit the questions listed in Article 1812C to the jury. The trial court has the discretion in the appropriate circumstances to utilize a general verdict, although the obviously preferable procedure in most cases where there is evidence of fault by more than one party is to use special written questions.

La.Code Civ.Proc. art. 1812C and Quantification of Non-Party Fault
More pertinent to the critical issue in this case is whether the 1979 and 1983 amendments to the special verdict procedure require quantification of the fault of non-parties, and particularly of employers.
Article 1812C does not expressly require quantification of the fault of employers or of any non-parties. Rather, Article 1812C(2) permits quantification of the fault of "another person, whether party or not," if such quantification is appropriate. The term "[i]f appropriate," used in both Article 1812C(2) and 1812C(3), clearly means if there is evidence from which reasonable minds could conclude "another person" or the plaintiff was at fault. However, since the Legislature did not specify which non-parties should *981 have their fault quantified by the jury, the appropriateness, and indeed the necessity, of quantifying the fault of a particular non-party as a substantive requirement of the overall statutory scheme of comparative fault is inherently a question to be decided by the courts.
The obvious situation in which quantification of the fault of a non-party is appropriate is when one tortfeasor has settled with and obtained a release from the tort victim.[3] Louisiana has long recognized that since the tort victim's release of one tortfeasor deprives the remaining tortfeasors of their contribution rights against the settling tortfeasor, the tort victim's recovery must be reduced by the proportionate share of the settling tortfeasor.[4]See Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3d Cir.1964); Dill v. State, Dept. of Transp. and Dev., 545 So.2d 994 (La.1989). Therefore, quantification of the fault of a settling tortfeasor is not only appropriate, but is necessary, whether that tortfeasor is a party and has been dismissed from the action or whether the settlement occurred before the tortfeasor was ever made a party.
The Uniform Comparative Fault Act in Section 2(a) expressly recognizes that quantification of the fault of a settling tortfeasor is an appropriate substantive requirement in a comprehensive comparative fault scheme. Section 6 provides that the tort victim's recovery shall be reduced by the proportionate degree of the released tortfeasor's fault. Significantly, as noted above, the Uniform Act does not quantify the fault of any person other than a party or a settling tortfeasor. The Comment to Section 2 states:
The limitation to parties to the action means ignoring other persons who may have been at fault with regard to the particular injury but who have not been joined as parties. This is a deliberate decision. It cannot be told with certainty whether that person was actually at fault or what amount of fault should be attributed to him, or whether he will ever be sued, or whether the statute of limitations will run on him, etc. An attempt to settle these matters in a suit to which he is not a party would not be binding on him. Both plaintiff and defendants will have significant incentive for joining available defendants who may be liable. The more parties joined whose fault contributed to the injury, the smaller the percentage of fault allocated to each of the other parties, whether plaintiff or defendant.
In Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), this court first considered the question of whether to quantify the fault of non-parties. In a case in which the jury had quantified the fault of the plaintiff's employer, this court held that the workers' compensation principle excludes the concept of employer fault in actions against a third party tortfeasor. Noting there was no statutory requirement for quantifying comparative fault of employers in such cases, the court declined to extend La.Code Civ.Proc. art. 1812C(2) by implication to include employers as non-parties whose fault was appropriate for quantification. See also the companion case of Melton v. General Electric Co., 579 So.2d 448 (La.1991).
Although Guidry and Melton were later overruled in Gauthier v. O'Brien, 618 So.2d 825 (La.1993), at least as to cases arising after the 1987 amendment to La.Civ. Code art. 2324B as discussed hereinafter, we now overrule Gauthier and reinstate the holding of Guidry and Melton that quantification of employer fault is neither necessary nor appropriate under La.Code Civ.Proc. art. 1812C(2). We interpret Article 1812C(2)'s phrase "whether party or not" as intended primarily to provide for quantifying the fault of a settling tortfeasor who was never made a party to the litigation. See John W. Wade, Comparative NegligenceIts Development in the United States and Its Present Status in Louisiana, 40 La.L.Rev. 299, 312 (1980); Martha Chamallas, Comparative Fault and *982 Multiparty Litigation in Louisiana: A Sampling of the Problems, 40 La.L.Rev. 373, 393-94 (1980); David W. Robertson, Ruminations on Comparative Fault, Duty-Risk Analysis, Affirmative Defense, and Defensive Doctrines in Negligence and Strict Liability Litigation in Louisiana, 44 La.L.Rev. 1341, 1346 (1984). It is generally neither necessary nor appropriate to quantify the fault of other non-parties (except persons whose negligence is imputable to the plaintiff or to a defendant).
As noted in the Uniform Comparative Fault Act comments, both plaintiffs and defendants have considerable incentive to join in the action as defendants or third party defendants[5] any persons who may be joint tortfeasors. Plaintiffs generally will want to join any person that the jury may find liable, especially since the Legislature has reduced the solidary liability of each negligent joint tortfeasor to fifty percent.[6] Both plaintiffs and defendants are benefited when more parties are found to be at fault, because less fault will be attributable to contributorily negligent plaintiffs or to other joint tortfeasors, and contribution will be available against more persons.[7] Furthermore, a finding of fault against a person not a party to the action is not binding on that person, and the plaintiff cannot recover against that person nor can the defendants obtain contribution from that person. Because of these considerations, juries should not be required to quantify the fault of a person that no party sees fit to join in the suit as a defendant or a third party defendant unless there is a compelling reason, such as in the case of a settling tortfeasor.
While employers cannot be joined as defendants or third party defendants, there is no compelling reason (as there is in the case of released tortfeasors) that makes it necessary or appropriate to require quantification of employer fault. Moreover, employers not only are immune from liability in the third party action by virtue of the compensation bargain, but also are granted a lien on the employee's recovery against third parties. If employer fault were quantified, the tort victim not only would suffer a reduction in the percentage of tortfeasor fault available for recovery, but also would suffer an additional reduction because of the priority of the at-fault employer's statutory lien on the recovery proceeds which now are reduced from one hundred percent to fifty percent from any one of multiple tortfeasors.[8]
We conclude that while quantification of the fault of a non-party settling tortfeasor is entirely appropriate and was probably contemplated by La.Code Civ.Proc. art. 1812C, quantification of the fault of an employer is not necessary or appropriate under Article 1812C in an action against a third party tortfeasor.

La.Civ.Code art. 2324B and Quantification of Employer Fault
Because the accident in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991) occurred before the 1987 amendment to La.Civ. Code art. 2324, the court in Guidry did not *983 reach the issue of whether the amended article required quantification of employer fault. The question was later presented to this court in Gauthier v. O'Brien, 618 So.2d 825 (La.1993). Noting that quantifying the employer's fault pursuant to La.Code Civ.Proc. art. 1812C will "serve to implement Louisiana's comparative fault scheme," this court concluded that "the last sentence of [La.Civ. Code art. 2324B] suggests that fault will be allocated to immune employers...." 618 So.2d at 829, 831. Overruling Guidry and Melton, the court held that Article 2324B made the quantification of employer fault mandatory.
We reconsider and reject the holding in Gauthier relative to mandatory quantification of employer fault. Neither the pre-1987 nor the post-1987 version of Article 2324B requires the quantification of employer fault.
After the amendment in 1979 as part of the adoption of comparative fault, Article 2324 provided that "[p]ersons whose concurring fault has caused injury, death or loss" were solidarily liable for the entire damages (reduced by the plaintiff's degree of fault, if any), with the exception that a particular tortfeasor's liability was limited to his or her percentage of fault when the plaintiff had a greater degree of fault. The article was silent as to the persons whose fault should be quantified.
In 1987, the Legislature again amended Article 2324. The 1987 amendment began as an effort to abolish solidary liability, but the effort was compromised during the legislative process, apparently on the basis that a tort victim should obtain some minimum percentage of full compensation from any person whose fault causally produced his or her damages. The legislative bill that became Act 373 of 1987 amending Article 2324, as originally introduced and before amendments during the legislative process, provided:
If liability is not solidary pursuant to paragraph A, then liability for damages caused by two or more persons shall be a joint, divisible obligation. A joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
Although the Legislature ultimately decided to retain a limited form of solidary liability, the language of the original bill was left virtually intact, and the retention of that language has created much confusion as to the legislative intent. Article 2324, as finally adopted, now provides:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.[9] (emphasis added).
The last sentence of Article 2324B establishes the rule that liability for damages caused by two or more persons is joint liability,[10] *984 rather than solidary liability,[11] unless liability is solidary pursuant (1) to Article 2324A (intentional act) or (2) to Article 2324B (for damages caused by two or more persons, but limited to fifty percent of the recoverable damages[12]), or (3) to a special provision of law. The last sentence then emphasizes that when a joint tortfeasor is only jointly liable (because none of the exceptions apply), the fact that a non-party who contributed to causing the damages is insolvent or immune does not cause the jointly liable tortfeasor to become solidarily liable.
The mention in the last sentence of Article 2324B of a joint tortfeasor's "immunity" as one of the factors that does not increase another joint tortfeasor's liability from joint to solidary certainly is not indicative of a legislative intent to make quantification of employer fault mandatory. Indeed, the last sentence of Article 2324B, in referring to the immunity of certain persons (perhaps certain family members whom the plaintiff cannot sue, but who may be joined in the action by third party demand for contribution), does not suggest, one way or the other, whether quantifying employer fault is necessary or appropriate in the overall comparative fault system. We therefore overrule the holding of Gauthier that quantification of employer fault either is suggested by La.Code Civ. Proc. art. 1812C or is made mandatory by La.Civ.Code art. 2324B.

Resolution of the Present Case
Although we now hold that quantification of employer fault is unnecessary and inappropriate, the jury did in fact quantify the employer's fault in the present case. It is therefore necessary to strike that portion of the jury's verdict which erroneously quantified employer fault and assess liability without regard to the employer or to the percentage of fault attributed by the jury to the employer.
In Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), after the jury had erroneously quantified employer fault, this court determined the proportionate degrees of fault between the contributory negligent plaintiff and the third party tortfeasor, and assessed liability accordingly.[13] In the present case, the plaintiff was not contributorily negligent, and there was only one third party tortfeasor. Since the jury should not have been instructed to quantify employer fault and since Cain's was the only blameworthy party or released person to whom any degree of fault was properly quantified, Cain's is liable for one hundred percent of the tort victim's damages.

Decree
For these reasons, the judgment of the court of appeal is affirmed.
DENNIS, J., assigns additional reasons.
DENNIS, Justice, assigning additional reasons.
I fully join in the majority opinion, and I write separately only to point out additional reasons in support.
The legislated law of our state simply does not unambiguously compel the quantification of the fault of the fully immune employer in a tort suit by his employee against third persons. As the majority explains, the only *985 arguable statutory basis for quantifying the fault of the fully immune employer is that portion of Civil Code Article 2324 stating:
Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
This is merely an ambiguous allusion to an unspecified class of immune persons contained in a statute whose main concern is the limitation of the solidary liability of non-immune third party tortfeasors. This provision and Article 2324 as a whole should be strictly construed against the derogation of the established rights of tort victims against tortfeasors. Touchard v. Williams, 617 So.2d 885 (La.1993), and authorities cited therein. Therefore, Article 2324 should not be interpreted to injure tort victims' rights by compelling the quantification of the "fault" of the victims' fully immune employers. Instead, the quoted provision should be read less injuriously so as, at most, to refer to persons who do not enjoy full immunity by virtue of the quid pro quo between employers and employeesfor example, persons who enjoy partial or situational immunities, such as family members, governmental entities, and rural landowners. See Robertson, Louisiana Law of Comparative Fault: A Decade of Progress, Louisiana Practice Series vol. 1 (1991) at 74.
Additionally, the meaning of the quoted provision adopted by the Gauthier court, which served as the basis for quantifying employer fault, cannot be derived by proper judicial interpretation. In a tort suit by an employee against a third party tortfeasor, at the time the quoted words were added to article 2324, an employer had never been considered to be a "joint tortfeasor" or to be "solidarily liable" to the employee for "damages attributable to the [employer's] fault."
Furthermore, as I attempted to explain in my dissent in Gauthier, the ratio approach used in that case is equally devoid of any basis in legislated law. The ratio technique is merely a judge made innovation designed to make up for some of the unfairness caused by the erroneous quantification of the fully immune employer's fault in the employee's action against a third party tortfeasor. Professor Robertson has also questioned the validity of requiring the quantification of employer fault in order to simply have it reallocated. Robertson, Solidary Liability in TortUnderstanding Gauthier and Touchard, 41 La.B.J. 227, 229 (1993) ("Inasmuch as the ratio approach can be described as aimed at achieving the same resolution that we believe the trier of fact would probably have achieved had it been instructed not to quantify employer fault, what is the policy justification for requiring employer fault to be quantified?").
NOTES
[*] Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice Pike Hall, Jr.

Marcus, J., not on panel. Rule IV, Part 2, § 3.
[1] The Legislature was also silent as to the factors to be considered in quantifying fault, but this court in Watson v. State Farm Fire & Casualty Co., 469 So.2d 967, 973-74 (La. 1985), jurisprudentially adopted the factors listed in the Uniform Comparative Fault Act. See § 2(b) cmt.
[2] La.Code Civ.Proc. art. 1811B, as amended in 1979, provided:

B. In cases to recover damages for injury, death or loss, the court shall submit to the jury special written questions inquiring as to:
1. Whether a party from whom damages are claimed, or the person for who such party is legally responsible, was at fault, and, if so:
(a) Whether such fault was a proximate cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage;
2. If appropriate, whether another involved person, other than the person suffering the injury, death or loss, was at fault, and if so:
(a) Whether such fault was a proximate cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage;
3. If appropriate, whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a proximate cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage. (emphasis added).
La.Code Civ.Proc. art. 1917 was also amended to require the same findings by the court in non-jury cases.
[3] Another obvious situation in which quantification of the fault of a non-party is appropriate, as well as necessary, is when a non-party is a person whose negligence is imputable to the plaintiff or to a defendant.
[4] The burden is on the remaining defendants to prove the fault of the released person and the degree thereof. Raley v. Carter, 412 So.2d 1045 (La.1982).
[5] If a tort victim is injured by the negligence of two persons and sues only the one with "deep pockets" because the other tortfeasor is impecunious, the defendant's safeguard is to join the other tortfeasor as a third party defendant whose fault will be quantified by the jury. In this manner the defendant, even if only slightly at fault, can limit his or her solidary liability to fifty percent.
[6] This court in Touchard v. Williams, 617 So.2d 885 (La.1993) interpreted the 1987 amendment to La.Civ.Code art. 2324B as placing a fifty percent limitation on the solidary liability of each negligent joint tortfeasor, as opposed to the previously existing one hundred percent.
[7] Solidary obligors, among themselves, are each liable for his or her "virile portion," which in the case of an obligation arising in tort is proportionate to the fault of each obligor. La.Civ.Code art. 1804.
[8] The author notes that this case points out the unfairness that would occur if quantification of employer fault was required and an eighty percent blameworthy employer was permitted to collect one hundred percent of its compensation lien. That recovery would necessarily come out of the plaintiff's recovery which would already be limited by Article 2324B's mandate that a twenty-percent-at-fault joint tortfeasor cannot be cast as solidarily liable for more than fifty percent of the recoverable damages. See Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991) (Lemmon, J., dissenting).
[9] La.Civ.Code art. 2324C, added in 1988, provides for interruption of prescription against all joint tortfeasors, whether liable jointly or solidarily.
[10] La.Civ.Code art. 1788 provides in part that "[w]hen different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors."
[11] La.Civ.Code art. 1794 provides in part that "[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance" and "[a] performance rendered by one of the solidary obligors relieves the others of liability toward the obligee."
[12] This court has not yet addressed the question of the meaning of the term "recoverable damages." The term may mean (1) total damages; (2) total damages less a reduction to reflect the fault of the plaintiff; or (3) total damages less reductions to reflect the fault of the plaintiff and the fault of any settling tortfeasor(s). David W. Robertson, Solidary Liability in Tort-Understanding Gauthier and Touchard, 41 La.B.J. 334, 336 (1993).
[13] This approach effectively yielded the same outcome that the trier of fact presumably would have achieved if instructed to ignore the employer's fault and to quantify only the fault of the plaintiff and the third party tortfeasor(s). David W. Robertson, Solidary Liability in Tort-Understanding Gauthier and Touchard, 41 La.B.J. 227, 229 (1993).