454

Frank and Marie ACOSTA

v.

CRITERION CATALYSTS COMPANY, L.P., Southern Pacific Transportation and Denver & Rio Grande Western Railroad.

Civil Action No. 95–0267.

United States District Court,
E.D. Louisiana.

Dec. 17, 1996.

Paul M. Sterbcow, Lewis & Kullman, New Orleans, LA, Alan J. Abadie, Alan J. Abadie, Chalmette, LA, for Frank Acosta, Marie Acosta.

William F. Bologna, Habans, Bologna & Carriere, New Orleans, LA, Charles M. Raymond, Shell Oil Co., New Orleans, LA, for Criterion Catalysts Company.

Lawrence J. Ernst, Christovich & Kearney, New Orleans, LA, for Southern Pacific Transportation, Denver & Rio Grande Western Railroad.

Andre J. Mouledoux, Alan Guy Brackett, Charles Michael Parks, Hebert, Mouledoux & Bland, New Orleans, LA, for Amax Metals Recovery, Inc.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Plaintiffs Frank and Marie Acosta ("the Acostas") have filed a motion for partial summary judgment on the issue of quantification of employer fault. Plaintiffs argue that on January 28, 1994, the date of the accident, quantification of employer fault was not an issue for the jury's consideration and thus the employer's fault should not be assessed in percentages by the jury. Defendant Criterion Catalysts Company, L.P. ("Criterion"), contends that recent amendments by the legislature to Louisiana Article 2323 should be applied retroactively allowing the jury to quantify employer fault.

On January 28, 1994, plaintiff Frank Acosta ("Acosta"), employed by AMAX Metals Recovery, Inc. ("AMAX") as a materials handler, was working with three AMAX coworkers in the offloading of 49 one-ton sacks of material from a railroad boxcar at the AMAX plant in Braithwaite, Louisiana. The material was owned by defendant Criterion and had been loaded on the boxcar by Criterion personnel in Pittsburg, California. While attaching sacks of material to the fork lifts, a one-ton sack fell from the stack inside the boxcar and struck the claimant in the low back. The plaintiff filed suit against the defendants, including Criterion, on January 25, 1995, seeking damages from Criterion under Louisiana law.

Plaintiffs seek partial summary judgment on the issue of submission of quantification of employer fault to the jury. They contend that, in accordance with the law in effect at the time the injury occurred, it is not appropriate for the jury to assess the percentage of the employer's fault. Defendant Criterion opposes this motion, arguing that the recent amendments to Louisiana Civil Code article 2324, which clearly provide that employer fault is to be quantified, are remedial in nature and are to be applied retroactively. The plaintiffs argue that because the amendments are substantive and due to the absence of direction by the legislature regarding the retroactive or prospective effect of the amendments, the amendments should be applied prospectively.

The Louisiana Supreme Court in *Gauthier v. O'Brien*, 618 So.2d 825 (La.1993), explained the relevance of the question of employer fault in third-party tort actions by injured employees as follows:

Employees are provided with an exclusive remedy for injuries sustained while in the course and scope of their employment. La.R.S. 23:1032. The employer is provided with statutory immunity from tort actions. In exchange for this immunity, an employee has a right to compensation benefits without proving fault. This bargain between the parties to the workers' compensation scheme results in benefit to both parties arising out of their having given up certain rights. Of course, an employer is not immune from tort liability where an employee's injuries are the result of an intentional act. [citations omitted]. An injured employee's right to sue a negligent or strictly liable third party in tort is maintained in the worker's compensation scheme. La.R.S. 23:1101. A third party whose fault in conjunction with the fault of an employer causes a work related injury is barred by the employer's statutory immunity from seeking indemnity or contribution from that employer. This bar restricts the third party's cause of action for indemnity or contribution against the employer that would normally accrue from the solidary obligation which would arise between the negligent employer and the tortfeasor, but for the employer's immunity, even though the third party derives no benefit from the compensation bargain.

618 So.2d at 827–828.

The *Gauthier* court studied the 1987 legislative amendments to article 2324, which moved Louisiana tort law from a pure comparative fault system to a modified comparative fault system. The 1987 amendments limited solidary liability to the extent necessary for the tort victim to recover 50% of his recoverable damages "regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise." 618 So.2d at 830. Concluding that "the assessment of employer fault is made mandatory by the 1987 amendment to La. Civ.Code art. 2324B," the *Gauthier* court

overruled *Guidry v. Frank Guidry Oil Co.*, 579 So.2d 947 (La.1991) and *Melton v. General Elec. Co., Inc.*, 579 So.2d 448 (La.1991), noting that to that extent they "are no *longer* the law." (emphasis added) 618 So.2d at 831.

Plaintiff's accident occurred in January, 1994, and his suit was filed in January, 1995, while the *Gauthier* decision mandated that employer fault be quantified in third-party tort actions filed by employees. On June 30, 1995, the Louisiana Supreme Court performed an "about-face" in *Cavalier v. Cain's Hydrostatic Testing, Inc.*, 657 So.2d 975 (La. 1995). In revisiting the issue, the *Cavalier* court reconsidered and rejected the holding of *Gauthier*, finding that "[neither] the pre–1987 nor the post–1987 version of Article 2324B requires the quantification of employer fault." 657 So.2d at 983. The court concluded "that while quantification of the fault of a non-party settling tortfeasor is entirely appropriate and was probably contemplated by La.Code Civ.Proc. art. 1812C, quantification of the fault of an employer is not necessary or appropriate under Article 1812C in an action against a third part tortfeasor." *Id.*

On April 16, 1996, Louisiana Civil Code article 2323 was amended, as follows, in pertinent part:

A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death or loss shall be determined, regardless of whether the person is party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree of percentage of negligence attributable to the person suffering the injury, death, or loss.

Regarding the effective date, the Act provides that it "shall become effective upon

**456**

signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor...." Act No. 3, H.B. No. 21 (1986). Plaintiffs argue that this is not remedial or procedural legislation, and therefore, in the absence of express direction, it should not be applied retroactively. Defendant Criterion argues that it is remedial and should apply to the trial of this action.

Louisiana Civil Code article 6 states that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." While the Louisiana First Circuit Court of Appeal in *Thornhill v. State Dept. of Transportation*, 676 So.2d 799 (La.App. 1st Cir.1996), found that the amendments were substantive and thus apply prospectively only, this Court finds that insofar as it mandates quantification of employer fault, the amendment to article 2323 is interpretive and is to be applied retroactively. The sequence of the prior decisions of *Gauthier* and *Cavalier*, and amendment of article 2323 in response to the *Cavalier* decision, indicates strongly that the legislature intended *Gauthier* to govern the requirement that employer fault be quantified. As further indication of its intent that the amendments be effective as soon as possible, the provisions of the act took effect immediately upon signature of the governor, or upon expiration of the time for the governor to sign the bill. The omission of the phrase "and shall apply retroactively", from the act does not alter its retroactivity, since it is remedial and interpretative in nature, in the same way the *Cavalier* decision was interpretive.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiffs Frank and Marie Acosta for partial summary judgment on the issue of quantification of employer fault be and is hereby **DENIED.**