ON REHEARING GRANTED
JiBYRNES, Judge.
This Court granted rehearing for the purpose of analyzing in greater depth the plaintiffs contention that prior to the 1996 amendment to LSA-C.C. art. 2323, the Supreme Court’s holding in Cavalier v. Cain’s Hydrostatic Testing, Inc., 94-1496 (La.6/30/95); 657 So.2d 975, prevented the defendant from asserting the fault of a non-party and prevented the trier of fact from quantifying the fault of a non-party. Based on this contention, the plaintiff argues that it only became necessary to add Ryder as a party after the 1996 amendment to LSA-C.C. art. 2323. Therefore, plaintiffs failure to add Ryder as a defendant prior to that time should not be a factor to be considered in judging the timeliness of plaintiffs attempted amendment.
Our reading of Cavalier differs from that of the plaintiff. Cavalier’s holding is limited to the situation in which the employer of the injured plaintiff may be a joint tortfeasor, but is not a party to the litigation because of Worker’s Compensation employer statutory immunity from employee tort claims.
IgThe Cavalier court expressed the expectation that plaintiffs would join all non-immune potential joint tortfeasors:
As noted in the Uniform Comparative Fault Act comments, both plaintiffs and defendants have considerable incentive to join in the action as defendants or third party defendants any persons who may be joint tortfeasors. Plaintiffs generally will want to join any person that the jury may find liable, especially since the legislature has reduced the solidary liability of each negligent tortfeasor to fifty percent. [Footnote omitted. Emphasis added.]
Id., p. 10 — 11; 657 So.2d at 982.
As the Cavalier court expressed the expectation that potential joint tortfeasors, such as *441 Ryder, would be made defendants, we find that the trial court did not abuse its discretion when it failed to find that Cavalier justified the plaintiffs delay of many years before attempting to add Ryder as a party defendant.
Moreover, prior to Cavalier, the jurisprudence mandated the quantification of the fault of even the immune employer. Gauthier v. O’Brien, 618 So.2d 825 (La.1993). Therefore, even were this Court to accept plaintiffs interpretation of Cavalier, which we do not, plaintiff has offered no satisfactory explanation for her failure to join Ryder prior to Cavalier.
For the foregoing reasons, the original opinion of this Court is affirmed.
ORIGINAL OPINION AFFIRMED ON REHEARING.
MURRAY, J., dissents for the reasons previously assigned.