618 So.2d 7 (1993)
UNITED COMPANIES FINANCIAL CORPORATION, Plaintiff-Appellee,
v.
Larry C. AUSTIN, et al., Defendants-Appellants.
No. 92-653.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Lewis H. Pitman Jr., New Iberia, for United Companies Financial Corp.
Larry C. Austin, pro se.
Carl A. Austin, pro se.
*8 Willard J. Austin Jr., pro se.
Ruby Lee Thompson Collins, pro se.
Lloyd Wm. Austin Sr., pro se.
Before STOKER and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit for declaratory judgment to be recognized as the owners of immovable property. Larry C. Austin, the only defendant before us, appeals the judgment of the trial court which declared that United Companies Financial Corporation (United) was the owner of Lot 27 of Block 258 of the city of New Iberia, Louisiana.
Austin contends on appeal that the trial court erred in: (1) finding that United sustained its burden of proving the requisites to maintain United's ownership of Lot 27; and, (2) allowing an amendment to the judgment to correctly designate which lot United owned. We affirm.

FACTS
United acquired Lot 27, Block 258 through executory proceedings it initiated against Carl A. Austin and his wife, Audrey, when the Austins defaulted on the payment of their real estate loan with United. United's acquisition of the property was memorialized in an act of sheriff's sale and was recorded on May 12, 1988, in the public records of Iberia Parish.
Subsequent to United's acquisition of Lot 27, the Austins recorded various documents which purported to show that Carl and Audrey Austin actually acquired Lot 26 of Block 258, and that they mortgaged Lot 27 to United by mistake. Eventually, the Austins unsuccessfully brought eviction proceedings against a person who occupied the house located on Lot 27 under a Bond For Deed contract from United.
Based on the Austins' continued disturbances of United's possession of Lot 27, United initiated this petition for declaratory relief to have its ownership of Lot 27 recognized.

DECLARATORY JUDGMENT
Austin contends that the trial court erred in finding that United sustained its burden of proof that it was the owner of Lot 27 of Block 258. We disagree.
A person who is in possession of immovable property may institute an action for declaratory judgment for the recognition of his ownership against a person who claims ownership of the same property. LSA-C.C.P. Art. 3654; Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2nd Cir.1990).
In an action for declaratory judgment of the ownership of immovable property, the plaintiff has the same burden of proof as a plaintiff in a petitory action against a defendant who is out of possession: he recovers on proof of a better title. LSA-C.C.P. Art. 3654; Yiannopoulos, "2 Louisiana Civil Law TreatiseProperty", Sec. 297.
At the close of United's case-in-chief on January 9, 1992, the trial court advised Austin, who was represented in proper person by his brother, that it would hold the record open for a ten day period so that the defendants would have an opportunity to obtain legal representation. The record shows that the Austins did not obtain legal representation within the ten day period. Accordingly, on February 12, 1992, the trial court granted judgment in favor of United.
Applying the codally established burdens of proof to the case sub judice, we find no error in the trial court's determination that United was the owner of Lot 27. It is clear that United was entitled to judgment. It was in possession of Lot 27, the disputed property, through the purchaser under the bond for deed, LSA-C.C.P. Art. 3660, and it was the only party to introduce any proof of title into the record. United not only proved that it held the better title to Lot 27, it was the only party to submit proof of ownership. The defendants introduced no proof of ownership.
*9 In a supplemental brief filed in the appellate court, Austin argues his ownership interest in Lot 27 and attaches various documents to the brief for our consideration, which were not admitted into evidence in the trial court. An appellate court may not consider documents attached to briefs which have not previously been introduced into evidence in the trial court. Allen v. IMTC, Inc., 567 So.2d 1155 (La.App. 3rd Cir.1990). Accordingly, we cannot consider the papers attached to Austin's brief in our review of the trial court judgment.

AMENDED JUDGMENT
Austin next contends that the trial court erroneously amended the original judgment it signed on February 12, 1992. We disagree.
On February 12, 1992, the trial court signed a judgment in favor of United. In the formal description of the property, the judgment erroneously declared that United was the owner of Lot 26. On motion by United, the trial court signed an amended judgment on March 9, 1992, recognizing United as the owner of Lot 27. The only change in the judgment was the substitution of the number 27 for 26.
Applicable to the present case is the following language from Hurst v. Ricard, 558 So.2d 1269, 1272 (La.App. 1st Cir.1990), writ denied, 559 So.2d 1378 (La.1990):
"La.C.C.P. art. 1951 provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation. (Emphasis added)
Article 1951 must be construed in pari materia with La.C.C.P. arts. 1919 and 2089 which require that all judgments and decrees which affect title to immovable property shall describe the immovable property affected with particularity. La.C.C. art. 13. The purpose of Articles 1919 and 2089 is to insure that the public in general, and title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular, can accurately deal with the immovable property. A nonsubstantive alteration of a judgment is one which neither takes anything away from, nor adds anything to, the original judgment. Conversely, Article 1951 does not apply to substantive amendments to judgments; such amendments can only be made by a timely application for a new trial, La.C.C.P. art. 1971 et seq., an action for nullity, La.C.C.P. art. 2001 et seq., or a timely appeal, La.C.C. art. 2081 et seq." (Citations omitted.)
After carefully considering the codal authority and the jurisprudence, we do not find that the trial court erred when it corrected the original judgment. From the inception of this litigation, United asserted that it was the owner of Lot 27 of Block 258 of the city of New Iberia; on the other hand, Austin asserted that United actually owned Lot 26. In the original judgment it is clear that the trial court ruled in United's favor after trial on the merits. Accordingly, it would defy logic if, as reflected in the original judgment, the trial court decreed that United was the owner of Lot 26. Therefore we find that the trial court's amendment of the judgment cured a typographical error and did not constitute a substantive change.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Larry C. Austin.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.