804 So.2d 953 (2001)
Melissa HEBERT
v.
BLUE'S AUTO AND TRUCK PARTS.
No. 2000 CA 2154.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*954 Marvin Gros, Donaldsonville, LA, for plaintiff/appellant, Melissa Hebert.
Debra Parker, Baton Rouge, LA, for defendant/appellee Blue's Auto and Truck Parts.
BEFORE: FITZSIMMONS, DOWNING, and LANIER,[1] JJ.
DOWNING, Judge.
This is a workers compensation dispute. At a hearing on a motion to clarify judgment held April 28. 2000, the workers' compensation judge (WCJ) ruled that the August 28, 1999 benefit termination date memorialized in a prior judgment was a typographical error and corrected the date to read August 28, 1998; a new judgment was signed to that effect. Plaintiff appealed alleging that the WCJ committed an error of law by substantively amending an original judgment.
For the following reasons, we annul and set aside the second judgment and reinstate the original judgment dated September 17, 1999.

FACTS AND PROCEDURAL HISTORY
The WCJ conducted a trial on the merits on September 8, 1999 and orally ruled on September 17, 1999 that Melissa Hebert was injured in the course and scope of her employment and was entitled to disability benefits from April 21, 1998 until August 21, 1998. The signed judgment however, reflected that Ms. Hebert would be entitled to benefits until August 28, 1999. This judgment was signed on September 17, 1999. After this first judgment was signed on September 17, 1999, the notice of judgment was sent by certified mail; defendant filed for a suspensive appeal on October 13, 1999 and it was granted on November 9, 1999; bond was set at $4,000.00. We note that the record fails to reflect that the Clerk of Court ever sent notice of estimated costs as required by LSA C.C.P. art 2126. In any event, defendant apparently did not pay estimated costs because on March 2, 2000, plaintiff filed a Motion to Dismiss Appeal for failure to pay fees.
Hereafter the record becomes confusing because on March 13, 2000 the trial court entered an order setting a hearing for March 31, 2000 and also dismissing defendant's appeal pursuant to LSA C.C.P. art. 2126(e)(1). It appears that on April 5, 2000, the trial court again dismissed the defendant's appeal. The transcript states that a hearing was held on the motion to dismiss on March 31, 2000, although no minute entry or any other indication of a hearing is in the record. We can only assume that the March 13, 2000 order to dismiss was meant to be an order to show cause since it also set a hearing date. No appeal, however, was ever taken from the order dismissing the defendant's first appeal.
At the trial court's request, the defendant filed a Motion to Clarify the Judgment on April 4, 2000; this motion was heard on April 28, 2000, and the trial court ruled that the September 17, 1999 judgment contained an error due to a typographical mistake and did not reflect the correct period for plaintiff's disability. A judgment filed on May 4, 2000 (date signed is unknown) decrees that the correct term of disability is from April 21, 1998 until *955 August 28, 1998, and that this judgment is to clarify and correct a typographical error and reflect the year 1998 instead of 1999, as clearly stated in the court's reasons for judgment. It is apparent that the WCJ was attempting to remedy the incorrect judgment pursuant to LSA-C.C.P. art. 1951 which provides that a final judgment may be amended to alter the phraseology and errors of calculation but not the substance thereof. Notice of this judgment was mailed on May 10, 2000.
Plaintiff appealed alleging that the trial court committed an error of law by amending the original judgment.

DISCUSSION
Plaintiff argues that there is no basis in law for the WCJ to amend a final judgment by way of a Motion to Clarify. We agree. It is well settled that when the trial judge signs a judgment and then signs another, the second judgment is an absolute nullity and without legal effect. Villaume v. Villaume, 363 So.2d 448 (La. 1978).
Louisiana Civil Code article 1951 provides as follows
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or motion of any party:
1. To alter the phraseology of the judgment, but not the substance; or
2. To correct errors of calculation.
In Frisard v. Autin, 98-2637, p. 7 (La. App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 00-0126 (La.3/17/00), 756 So.2d 1145, this court outlined the methods for properly amending a judgment, as follows:
Louisiana Code of Civil Procedure article 1951 allows a trial court to amend a final judgment, on its own motion, (1) to alter the phraseology of the judgment, but not the substance, or (2) to correct errors of calculation. A judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. The Louisiana Supreme Court has also recognized that, on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively. (Citations omitted.) (Emphasis added.)
The amendment to the original judgment of September 17, 1999 directly affected the rights of the plaintiff. Therefore, the one-year reduction in a disability period is a substantive change. See Terry v. Terry, 612 So.2d 808, 809-810 (La.App. 1 Cir.1992), Frisard v. Autin, 98-2637 at p. 7-8, 747 So.2d at 819, Starnes v. Asplundh Tree Expert Company, 94-1647, p. 6 (La. App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246, and Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 777 (La.App. 2d Cir. 1991) inter apices juris.[2] The record *956 fails to reflect any consent of the parties to correct the judgment. As this court further stated in Frisard v. Autin, 98-2637 at p. 8, 747 So.2d at 819:
When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. If a judgment is an absolute nullity, such nullity may be invoked by anyone against whom it is interposed and whenever and wherever it is asserted. (Citations omitted.)
We find merit in Melissa Hebert's assignment of error raised in her Appeal. The second judgment subtracts from and affects the substance of the judgment and is therefore an absolute nullity. Frisard, 98-2637 at p. 7, 747 So.2d at 818.
The usual remedy applied by an appellate court that finds an amendment made of substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309, p. 7 (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 839.
Accordingly, we annul and set aside the second judgment of May 10, 2000, and reinstate the judgment of September 17, 1999.
We are aware that this may result in an unjust outcome, but this is as the law mandates. We also recognize that plaintiff may be benefiting from a technicality; however, we must follow the law. Costs of this appeal are assessed to appellees, Blue's Auto Parts and Louisiana Workers' Compensation Corporation.
JUDGMENT OF MAY 10, 2000 ANNULLED AND SET ASIDE; ORIGINAL JUDGMENT OF SEPTEMBER 17, 1999 REINSTATED.
FITZSIMMONS, J., concurs, and assigns reasons.
LANIER, J., concurs and will assign reasons.
FITZSIMMONS, Judge, concurring, with reasons.
The need for stability in judgments and the rule against substantive changes in judgments are more than mere technicalities. The appellant had remedies, a motion for new trial and appeal of the original judgment, but chose not to pursue them. The appellant's failure to seek a timely remedy is unfortunate, but I see no injustice or denial of a right under the facts of this particular case. Thus, I respectfully concur.
LANIER, J., concurring in the result and assigns reasons.
I reluctantly concur in the result in this case because it appears to follow the interpretation of La. C.C.P. art.1951 that presently is being followed in this Circuit.

FACTS
After a trial on the merits, the Workers' Compensation Judge (judge) calculated the plaintiff was entitled to disability benefits for the duration of April 21, 1998, until August 21, 1998. However, the judgment rendered provided the plaintiff was entitled to disability benefits during the period of April 21, 1998, until August 21, 1999. This granted the plaintiff one year, or 52 weeks, of additional disability benefits.[1]

*957 THE LAW
La. C.C.P. art 1951 is found in Section 1 (Amendment), Chapter 4 (Modification in Trial Court), Title VI (Judgments), Book II (Ordinary Proceedings) of the Louisiana Code of Civil Procedure and provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraselogy [sic] of the judgment, but not the substance; or

(2) To correct errors of calculation. (Emphasis added.)

INTERPRETING THE LAW
Initially, it should be noted that the limitation on changing the substance of a final judgment only applies to Art.1951(1) pertaining to phraseology; it does not apply to Art.1951(2) pertaining to corrections of errors of calculation. These two provisions are separated by the disjunctive conjunction "or".
The standard rules for interpreting statutes are found in La. C.C. art. 9 et seq. and La. R.S. 1:1 et seq.: See also Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984) La. C.C. art. 9 provides that "(w)hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature". (Emphasis added.) La. R.S. 1:4 provides that "(W)hen the wording of a section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." (Emphasis added.) La. C.C. art. 11 provides that "(T)he words of a law must be given their generally prevailing meaning .." unless they are "(W)ords of art and technical terms ..." See also La. R.S. 1:3. The words calculation and phraseology as used in Article 1951 are not being used as words of art or technical terms.
The word calculation is a noun and is the result reached by way of the verb "to calculate". Neither Article 1951 or the "generally prevailing meaning" of calculate limits its meaning only to mathematical calculation. Webster's Third New International Dictionary (1986) defines the "generally prevailing meaning" of calculate, in pertinent part, as follows:
Cal-cu-late: la: to ascertain or determine by mathematical processes esp. of some intricacy (átomic weights) b: to reckon by exercise of practical judgment rather than by strict mathematical process: ESTIMATE c: to solve the significance of: probe the meaning of: figure out: INTERPRET (trying to his expressionHugh MacLennan) 2: to plan the nature of beforehand: think out: FRAME 3: to design, prepare, or adapt by forethought or careful plan: fit or prepare by appropriate meansused chiefly as past part. with complementary infinitive (calculated to succeed) 4: *958 chiefly North a: to judge to be true or probable on the basis of evidence at hand: SUPPOSE, BELIEVE, THINK d: INTEND, PURPOSE, PLAN vi 1 a: to make a calculation: form an estimate b: to make a judgment about the future: forecast consequences 2: COUNT, RELY used with on or upon (my uncle was calculating on the thing as concludedCharles Lever) (Emphasis added.)
The word phraseology is a noun. Webster's Seventh New Collegiate Dictionary (1963) defines the "generally prevailing meaning" of phraseology as "a manner of organization of words and phrases into longer elements" and "choice of words". The "generally prevailing meaning" of the word phrase is "a group of two or more grammatically related words that form a sense unit expressing a thought either in a fragmentary manner or as a sentence element not containing a predication but having the force of a single part of speech". A typographical error that changes a single number (digit) in the designation of a year is not a phrase or phraseology. Thus, La. C.C.P. art.1951(1) pertaining to "altering the phraselogy [sic] of the judgment" is not applicable under the facts of this case. Because Article 1951(1) is not applicable, the phrase "but not the substance" also is not applicable.
It is my opinion that when the judge determined the duration of the plaintiff's disability and this finding was typed onto a piece of paper, a calculation was made within the purview of Article 1951(2). What the judge did to determine the duration of the disability was to "reckon by exercise of practical judgment rather than by strict mathematical process", "plan the nature beforehand", "think out", "judge to be true or probable on the basis of evidence at hand", "make a calculation" and "make a judgment about the future". The amendment of trial court final judgments to correct errors of calculation pursuant to Article 1951(2) applies to substantive and nonsubstantive errors. Stated another way, Article 1951(2) does not prohibit the correction of substantive errors of calculation. Article 1951(2) is clear and unambiguous on this issue. When a law is clear and unambiguous, it "shall be applied as written". The lead opinion in this case does not recognize this substantive distinction between Articles 1951(1) and 1951(2), nor does the prevailing jurisprudence in this Circuit. It is my opinion that this is legal error.
It is my opinion that for the purposes of Article 1951(2), the judge calculated the duration of the plaintiff's disability as running from April 21, 1998, to August 28, 1998. When the final judgment was typed, a typographical error was made in designating the year in which the duration of the disability ended and August 28, 1999, was typed instead of August 28, 1998. This resulted in an error in the calculation of the duration of the disability, and is an error of calculation within the purview of Article 1951(2).

CONFLICTS BETWEEN THE CIRCUITS AND DIFFERENT PANELS OF THIS COURT
The lead opinion states that "(W)e note an apparent conflict between the First and Second Circuits and the Third and Fifth Circuits" concerning the proper interpretation of Article 1951. The prevailing interpretation of Article 1951 in this Circuit is also set forth in the lead opinion; it prohibits the substantive amendment of a trial court judgment whether the amendment alters phraseology or corrects an error of calculation. QUAERE: What change in a calculation would not be substantive? Article 1951 was not always interpreted as it now is in past decisions of this Court. *959 This change in the statutory construction of Article 1951 has taken place even though there has been no en banc decision of this Court to do so, as is required by our internal rules.
In Hurst v. Ricard, 558 So.2d 1269 (La. App. 1st Cir.), writ denied 559 So.2d 1378 (1990) the bearing of a boundary line on a map was erroneously designated as North 47°20'51" West instead of correctly as North 42°20'51" West. Obviously, changing the direction of a boundary line by 5 degrees of bearing is significant and under the present jurisprudence of this court would probably be considered substantive. However, that panel of this court held this error was not substantive for purposes of Article 1951(1). As to what is substantive, the only distinction between Hurst and the instant case is that in Hurst the erroneous numbers were printed on the map by the draftsman, whereas, in the instant case, the erroneous number was typed on the judgment. I believe this to be a distinction without a difference.
In Brumfield v. Guilmino, 633 So.2d 903, 912 (La.App. 1st Cir.), writ denied, 637 So.2d 1056 (La.1994) appears the following:
In our careful and considered review of this case, we have discerned that the jury verdict form contains an error in calculation of the total awarded as general and special damages. While the verdict form and, indeed, the judgment reflects a total of $446,000.00 as the sum of compensatory damages awarded, this figure should actually be $546,000.00.

This $100,000.00 difference is obviously a clerical error or error in calculation by the jury. As a reviewing court, we are vested with the authority to correct obvious errors of calculation in judgments of the trial court, which could have been corrected if brought to the attention of the court below. LSA C.C.P. art.1951; see Union Sulphur Co. v. Campbell, 207 La. 514, 21 So.2d 626, 632 (1945). Accordingly, we will amend the judgment to make the correction. (Emphasis added.)
It appears that under present First Circuit opinions, an unrequested $100,000 change in a trial court judgment would be considered substantive.

UNJUST RESULT
The lead opinion concedes that our judgment "may result in an unjust outcome".
It is my opinion that one of the most important functions of a court is to determine the truth. The truth in the instant case is that the trial judge calculated the legal entitlement of the plaintiff to compensation benefits but a typographical error was made when the judgment was typed. This error erroneously awarded the plaintiff more benefits than the judge found as a fact that she was legally entitled to; this also required the defendants to pay out more money (property) than the judge determined they were legally required to. (The record on appeal does not reflect the amount of the plaintiffs weekly compensation benefit.) In my opinion, this is an injustice that should be corrected if the law allows us to do so.
Accordingly, I would propose the following as a better solution to this case:
(1) hold that the typographical error in this case is an error in calculation that can be corrected in the trial court pursuant to Article 1951(2);
(2) reverse the trial court judgment and remand to the court for an evidentiary hearing (as was done in Hurst v. Ricard) before another judge so the trial judge, the defendants and the plaintiff can present evidence under oath about the facts concerning the error;
(3) if the second trial judge finds as a fact that there was an error in calculation, *960 the judgment should be corrected; and
(4) if the judgment is corrected, the plaintiff should be allowed to appeal the substance of the trial court corrected judgment. The rights of the plaintiff should not be prejudiced by a corrected judgment.

JURISPRUDENTIAL PROBLEMS WITH ARTICLE 1951
In my opinion the following problems exist and affect the interpretation judicially given to Article 1951:
(1) There is a conflict in the Courts of Appeal about the proper interpretation of La. C.C.P. art.1951 that should be resolved;
(2) The presently prevailing jurisprudence in this Circuit does not properly interpret Article 1951 in accordance with the rules for statutory construction in the Revised Statutes and the Civil Code;
(3) The result reached in this case is unjust and should be corrected with an interpretation of Article 1951 that balances preserving the integrity of final judgments with the ability to correct final judgments that do not reflect the true facts of a case; and
(4) The conflicts in the various cases interpreting Article 1951 in this Circuit should be resolved.
Future legislative and/or judicial action should resolve these problems.
Truth and justice should not be sacrificed on an altar of typographically flawed judgments.
For the foregoing reasons, I respectfully concur in the result.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note an apparent conflict between the First and Second Circuits and the Third and Fifth Circuits. In United Companies Financial Corp. v. Austin, 618 So.2d 7 (La.App. 3 Cir.1993), the Third Circuit found that the trial court's amendment of the judgment to reflect ownership of a certain lot 27 rather that lot 26 "cured a typographical error and did not constitute a substantive change." United Companies, 618 So.2d at 9. In Burmaster Tractor and Truck Service v. Degeorge, 99-28, 99-29, p. 8 (La.App. 5 Cir. 8/31/99), 742 So.2d 974, 978, the Fifth Circuit found that the "substance of the judgment" was not affected in a workers' compensation case where the workers' compensation judge amended its judgment to award an offset under LSA-R.S. 23:1225(A) after it mistakenly entered judgment awarding the offset under LSA-R.S. 23:1225(C).
[1] The brief of the appellees contains a quote attributed to the judge in which he states for the record that he personally typed the judgment and erroneously typed a 9 instead of an 8. The brief states that the quote comes from page 5 of an April 28, 2000 transcript. There is no April 28, 2000 transcript in the record on appeal. However, the appellant, and not the appellees, was responsible to designate an adequate record. Ronald Adams Contractor v. State, Department of Transportation and Development, 464 So.2d 1003 (La.App. 1st Cir. 1985). Ordinarily, the appellees would not be prejudiced by this omission; but, in the instant case, they did not have the record supplemented by the referenced transcript. This court cannot consider facts referred to in an appellate brief that are not contained in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).