I .DOWNING, J.
The State of Louisiana, through the Department of Social Services, Office of Family Support Enforcement Services (DSS), appeals a judgment denying a new trial. The trial court had sustained an exception of no right of action filed by A.P.,[2] the *500 alleged biological father of A.L.W. For the following reasons, we reverse the order dismissing the suit and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
This is a paternity and support suit. DSS instituted these proceedings on behalf of A.L.W., minor child of L.G., against A.P., the alleged biological father of A.L.W.
Before we can address the merits of this case, we must first untangle the labyrinth of court pleadings, orders, and judgments that make up the record. On July 29, 1999, DSS instituted an action to establish that A.P. was the biological father of A.L.W. DSS was already pursuing support from D.W. who acknowledged his paternity of A.L.W. ten years earlier, on April 6, 1989.[3]’[4],[5] A.P. filed exceptions of “No Right of Action” and “Prematurity,” which were heard and sustained on February 3, 2000. The following day, DSS filed a document in accordance with the trial court’s ruling entitled, “Motion and Order for Dismissal,” dismissing the matter “without” prejudice. This order was signed February 4, 2000, and filed into the record February 8, 2000. There is no evidence that it was served upon the parties. On March 28, 2000, the trial court signed another judgment, this | «time submitted by A.P., sustaining an exception of “No Cause of Action.”[6] This judgment does not state whether the dismissal is “with” or “without” prejudice.[7] The following day, March 29, 2000, A.P. submitted a “Supplemental & Amending Motion and Order for Dismissal” stating that the dismissals should reflect that the matter was dismissed “with prejudice” instead of “without prejudice.” The trial court signed this order in chambers on March 29, 2000. For some reason, the trial court signed an identical document on May 18, 2000 and had both filed into the record.
On July 28, 2000, DSS moved to vacate A.P.’s supplemental & amended order. No action was taken on this motion to vacate. On March 29, 2001, DSS petitioned to annul the judgment that proclaimed DSS’s dismissal to be “with prejudice.” On August 2, 2001, A.P. answered the petition to annul and filed a reconven-tional demand asking to annul the judgment (order) signed on February 4, 2000, alleging that the ex parte order dismissing the action “without prejudice” was a deprivation of A.P.’s rights and an ill practice pursuant to La. C.C.P. art.2004. No further action appears to have taken place on this petition to annul.
On October 1, 2001, DSS moved for a new trial on the grounds that, since the time of trial, new evidence in the form of DNA results had been obtained. The motion further stated that since notice of the judgment had never been effected, the motion for new trial was still timely. On February 6, 2002, over two years after the first hearing, the trial court ruled that it intended to dismiss DSS’s petition “with prejudice.” The trial court then denied DSS’s motion for new trial. The order granting a devolutive appeal was signed *501 April 12, 2002, nearly one month before the trial court signed the | ¿judgment on May 2, 2002. This appeal followed.[8] DSS did not appeal the underlying order on the exception, but appealed the judgment denying the new trial. DSS assigns the following errors.
(1) The trial court erred in maintaining defendant’s exception of no right of action, without granting leave to amend the pleadings as required by La. C.C.P. art. 934.
(2) The trial court erred through its ex parte amendment of the judgment of dismissal changing the substantive language of the judgment from “without prejudice” to “with prejudice,” in contravention of La. C.C.P. art.1951.
(3) The trial court erred in its denial of plaintiffs new trial motion based upon the peremptory grounds that the judgment rendered was clearly in contravention of law and jurisprudence and in light of newly discovered evidence per La. C.C.P. arts. 1972-73.
DISCUSSION

DENIAL OF MOTION FOR NEW TRIAL

Before we begin our analysis on the merits of this appeal, we first address the appeal of the motion for new trial rather than the underlying judgment.[9]
“The established rule in this circuit is that the denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm.” Pittman v. Pittman, 01-2528, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372.
Therefore, DSS’s third assignment of error is without merit. Even so, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant’s brief that the appeal was intended to be on the merits. Carpenter v. Hannan, 01-0467, p. 4 (La. App. 1 Cir. 53/28/02), 818 So.2d 226, 228-29, writ denied, 02-1707 (La.10/25/02), 827 So.2d 1153. Accordingly, we consider DSS’s appeal of the judgment on the merits.

DSS’s RIGHT OF ACTION

DSS’s first assignment of error alleges that the trial court erred in dismissing its suit after sustaining A.P.’s exception of no right of action instead of allowing DSS to amend the petition pursuant to La. C.C.P. art. 934. We agree that the trial court erred in dismissing DSS’s petition.
Here, DSS filed an action for child support against A.P. when there was already an acknowledgment of paternity from another man, in authentic form, in the record. There was also a judgment ordering the other man to pay child support for A.L.W.
Even so, the trial court committed legal error when it sustained the exception of no right of action. La. R.S. 46:236.1(F)(1) gives DSS the right to directly establish filiation against an alleged biological father notwithstanding any legal presumption that another man is the father. In this *502 case, DSS clearly alleged its right of action under this statute in its initial petition.
The objection of no right of action tests whether the plaintiff has a real and actual interest in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 4 (La.11/30/94), 646 So.2d 885, 888. Stated another way, an exception of no right of action determines whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged. Sivils v. Mitchell, 96-2528, p. 3 (La.App. 1 Cir. 11/7/97), 704 So.2d 25, 27. Granting an exception of no right of action is appropriate when the plaintiff does not have an interest in the subject matter of the suit or the legal capacity to proceed. Id. La. C.C.P. 6art. 931 allows introduction of evidence to support or controvert this exception. Id.
Here, DSS has a clear statutory right to seek to establish A.P.’s paternity and support obligation if it is in the child’s best interest, which right was alleged in DSS’s petition. The statutory authority for DSS to pursue direct civil action is in La. R.S. 46:236.1(F)(1) which provides the following:
The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings, take direct civil action, including action to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, ... A separate and distinct cause of action in favor of the department is hereby created, and suits brought this provision need not be ancillary to or dependent upon any other legal proceeding. (Emphasis added.)
We do not rule on the legality, constitutionality, or scope of any “doctrine of dual paternity” here. But we do conclude that DSS has a right to allege in its petition and to come forward with evidence to establish why it is in the best interest of the child to establish paternity even though another man already acknowledged paternity. At such hearing the trial court must determine whether DSS can establish that proceeding under this statute is in the best interest of A.L.W. Only upon such showing does DSS have a right of action under La. R.S. 46:236.1(F)(1).
This assignment of error has merit. Accordingly, DSS asks to be allowed to amend its pleading in order to state a right of action. We are obligated to do so pursuant to La. C.C.P. art. 934 if the grounds for objection can be removed. We therefore remand for a hearing on whether DSS can remove the grounds for the exception by showing that this action is in the best interest of the child.

\ .CHANGING THE JUDGMENT

DSS’s second assignment of error alleges that the trial court erred by changing the language of the judgment of dismissal from “without” prejudice to “with” prejudice ex parte. We agree.
Following the hearing on February 3, 2000, DSS filed an order of dismissal on February 4, 2000 reciting that the court sustained the exceptions of no right of action and prematurity and dismissed the case without prejudice. This order was signed by the court and filed into the-record, but was not served upon the parties. It is well settled that an order putting an end to the litigation is the same as a judgment. See Syndics of J. Brandt & Co. v. Shaumburgh, 1 Mart. (n.s.) 698, 1823 WL 1435 (La.1823). Therefore, once this order was signed by the trial court *503 and filed into record, this put an end to the litigation. Thus, this judgment became final pursuant to La. C.C.P. art.1911.
After its initial judgment, the trial court signed three more judgments ex parte purporting to rule on the exceptions heard on February 3, 2000:
(1) On March 28, 2000, defendants submitted an order memorializing that the exception of “no cause of action” was sustained. This judgment does not mention whether the matter was dismissed “with” or “without” prejudice.[10] And the judgment refers to “no cause of action,” an exception not reflected in the record. The trial court signed this judgment, and the clerk of court mailed a certified copy to the parties on April 4, 2000.
(2) On March 29, 2000, defendants filed an order for dismissal entitled, “Supplemental and Amending Motion and Order for Dismissal,” stating that the dismissal of the litigation must be “with prejudice” instead of “without prejudice” as memorialized in the March 28th document. The trial court signed this document on March 29,2000.
|R(3) On May 18, 2000 the trial court signed an identical document showing that the matter was dismissed with prejudice.
These judgments are absolute nul-lities and are without legal effect. Hebert v. Blue’s Auto and Truck Parts, 00-2154, pp. 3-4 (La.App. 1 Cir. 12/28/01), 804 So.2d 953, 955. The February 4, 2000 Motion and Order for Dismissal was a final judgment. A final judgment may not be amended to effect a substantive change except on application for new trial, action for nullity, or timely appeal. See Id. The Louisiana Supreme Court has also recognized a jurisprudential exception that, on its own motion and with the consent of the parties, the trial court may substantively amend a judgment. Id. None of these procedures were employed in this case.
There are certain circumstances where judgments can be amended ex parte. La. C.C.P. art.1951, addressing amendment of judgment, permits an ex parte amendment of a final judgment for limited purposes:' (1) to alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation. It should be noted that the trial court must grant a new trial to amend. The trial court cannot, as here, deny a motion for new trial and amend a judgment.
In the instant case, the modification by the trial court clearly exceeds the parameters described in La. C.C.P. art. 1951. The amendment of the original judgment directly affected the rights of DSS. Changing “without prejudice” to “with prejudice” is a substantive change. See Hebert, 00-2154 at pp. 3-4, 804 So.2d at 955. Thus, the amended judgment and the attempt to amend the original judgment are absolute nullities. Id. The February 4, 2000 judgment is final and would be in effect were we not to reverse it today. The second assignment of error challenging the ex parte judgments has merit.
| .DECREE
The only valid judgment, the judgment dated February 4, 2000, sustaining the ex *504 ceptions of no right of action and prematurity is hereby reversed. This case is remanded for further proceedings. Costs in the amount of $582.00 are assessed equally between the State of Louisiana through the Department of Social Services, Office of Family Support, Support Enforcement Services and A.P.
REVERSED AND REMANDED.
KUHN, J., concurs with reasons.

. Pursuant to La. R.S. 46:236.1(F)(2), the proceeding below is not open to inspection and publication of a filiation proceeding is prohib *500 ited. Accordingly, we identify the alleged biological father by the initials A.P.

. D.W. is the listed father on A.L.W.’s birth certificate issued August 19, 1989.

. A Petition with Rule Nisi was filed by DSS on October 21, 1992.

. On April 27, 1993, D.W. was ordered to pay $ 180/month child support.

. The exception of prematurity was not ruled upon here.

. This judgment was served on April 4, 2000.

. Although the motion for appeal was signed nearly one month before the judgment, this procedural defect was cured once the trial court signed the judgment. See Overmier v. Traylor, 475 So.2d 1094 (La.1985).

. If the dismissal is maintained after trial of plaintiff’s rule to show cause, plaintiff’s remedy is then by appeal from the judgment refusing to set aside the dismissal after the contradictory hearing. Simmons v. Dixon, 306 So.2d 67, 70 (La.App. 1 Cir.1974).

. When an action is dismissed for procedural insufficiency and not on the merits, it should be dismissed without prejudice to its renewal because no adjudication on the merits has taken place. Simmons v. Dixon, 306 So.2d 67, 69 (La.App. 1 Cir.1974). When the judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. Id.