879 So.2d 239 (2004)
Winafred SCARBROUGH, Individually and as Natural and Legal Tutrix of the Estate of Her Minor Son, Eric Scarbrough, Leneka Scarbrough and Jarmonica Scarbrough
v.
O.K. GUARD DOGS, Oree K. Knighten, Jr., Government Employees Insurance Company and ABC Insurance Company.
Dwayne Forkner, Individually and as Father of Eric Scarbrough
v.
O.K. Guard Dogs, Oree K. Knighten, Jr. and Government Employees Insurance Company.
Nos. 2003 CA 1243, 2003 CA 1244.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*242 Aidan C. Reynolds, Christopher L. Whittington, Baton Rouge, Counsel for Plaintiffs/Appellees Winafred Scarbrough, et al.
John F. McKay, Baton Rouge, Counsel for Plaintiffs/Appellees Dwayne Forkner, et ux.
Joel Porter, Baton Rouge, Counsel for Intervenor/Appellee Joel Porter.
Randy B. Ligh, Gwendolyn K. Brown, Assistant Parish Attorney, Baton Rouge, Counsel for Defendant/Appellant City of Baton Rouge, et al.
Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
This appeal addresses the liability of the City of Baton Rouge/Parish of East Baton Rouge (City/Parish) for an accident resulting in the death of a twelve-year-old child on a narrow street it owned and maintained. The jury, in a bifurcated trial,[1] found the City/Parish negligent in causing the child's wrongful death. It found that the City/Parish street was defective, that it posed an unreasonable risk of harm, and that the condition of the street was a cause-in-fact of the child's death. The court and jury both allocated 15% fault to the City/Parish. Judgment was entered accordingly, awarding wrongful death and survival damages. A second judgment was subsequently entered allocating 50% fault to the City/Parish. The City/Parish appealed. Plaintiff, Winafred Scarbrough, answered the appeal seeking, among other things, higher survival damages on behalf of her deceased son, Eric Scarbrough. For the following reasons, we vacate the second judgment as an absolute nullity and reinstate the first judgment. Concluding that no error exists in the reinstated judgment, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 20, 1993, a truck's mirror struck Eric Scarbrough, a twelve-year-old boy, while he was walking on or near Mohican Street in Baton Rouge, Louisiana. Eric ultimately died as a result of the accident. The street was eighteen feet, three inches (18'3") wide.
Plaintiffs, Winafred Scarbrough (on her own behalf and on behalf of Eric's sister, Jarmonica) and Dwayne Forkner (Eric's father) proceeded to trial against the City/Parish alone. All other defendants had previously settled with the plaintiffs. After completion of the trial, the jury found in favor of Winafred Scarbrough and awarded damages totaling one million dollars ($1,000,000.00), including survival damages for Eric Scarbrough in the amount of fifty thousand dollars ($50,000.00). The jury apportioned 15% fault to the City/Parish and 85% fault to the truck driver, Oree Knighten.
When the parties could not agree to the terms of the judgment, Ms. Scarbrough filed a motion to enter judgment. Before the motion was heard, however, the trial court signed a judgment in accordance with the jury verdict, which judgment also awarded damages to Jarmonica Scarbrough in the amount of thirty-five thousand *243 dollars ($35,000.00), apportioning 15% fault to the City/Parish. The court made no specific ruling on the motion to enter judgment.
Ms. Scarbrough then filed a motion for judgment notwithstanding the verdict (JNOV). Subsequent to this motion being heard, but before the court's ruling, the court signed another judgment identical to the previous one except that it apportioned 50% fault to the City/Parish on all claims rather than 15%. After this, the trial court entered judgment denying the JNOV. The trial court then signed an order granting the City/Parish a suspensive appeal.
On appeal, the City/Parish raises seven assignments of error:
1. that the trial court erred in signing the second judgment;
2. that the trial court erred in apportioning 50% fault to it regarding Winafred Scarbrough when the jury apportioned only 15%;
3. that the trial court erred in apportioning 50% fault to it regarding Jarmonica Scarbrough's damages when the jury apportioned only 15%;
4. that the trial court erred in awarding thirty-five thousand dollars ($35,000.00) in damages to Jarmonica Scarbrough when the jurisdictional limit was twenty thousand dollars ($20,000.00);
5. that the plaintiffs failed to prove that any acts or omissions were a cause-in-fact of their damages;
6. that the factfinders erred in allocating any fault to the City/Parish or in failing to apportion a higher degree of fault to the truck driver or to the child who was hit, thus reducing the City/Parish's degree of fault;
7. that the jury erred in awarding excessive damages to Winafred Scarbrough.
Winafred Scarbrough answered the appeal asserting three assignments of error:
1. that the first judgment signed by the trial court contained errors in calculation and should be corrected by this court;
2. that the jury erred in awarding grossly inadequate survival damages for Eric Scarbrough;
3. that the trial court erred in denying plaintiffs' motion for JNOV to correct grossly inadequate survival damages for Eric Scarbrough.

DISCUSSION

ISSUES RAISED ON APPEAL

Validity of Second Judgment
We conclude that the second judgment signed by the trial court is an absolute nullity, being an impermissible amendment of a final judgment. In its first assignment of error, the City/Parish challenges the validity of the second judgment signed by the trial court. Their second and third assignments of error challenge the apportionments of fault contained in the second judgment. These assignments of error have merit.
The first judgment signed by the trial court was a final judgment. A final judgment may not be amended to effect a substantive change except on application for new trial, action for nullity, or timely appeal. See Hebert v. Blue's Auto and Truck Parts, 00-2154, pp. 3-4 (La.App. 1 Cir. 12/28/01), 804 So.2d 953, 955. See also Bourgeois v. Kost, 02-2785, p. 5 (La.5/20/03), 846 So.2d 692, 695. The Louisiana Supreme Court has also recognized a jurisprudential exception that, on its own motion and with the consent of the parties, *244 the trial court may substantively amend a judgment. Hebert, 00-2154, p. 4, 804 So.2d at 955. None of these procedures were employed in this case, and the second judgment effects a substantive change in the City/Parish's rights. The second judgment increases the City/Parish's liability from 15% to 50%. Accordingly, the second judgment is an absolute nullity and is without legal effect. Hebert, 00-2154 at pp. 3-4, 804 So.2d at 955.
We observe there are certain circumstances where judgments can be amended ex parte. La. C.C.P. art. 1951, addressing amendment of judgment, permits an ex parte amendment of a final judgment for limited purposes: (1) to alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation. Here, however, the modification by the trial court clearly exceeds the parameters described in La. C.C.P. art. 1951 and directly affects the City/Parish's rights. Accordingly, we vacate the second judgment signed by the trial court on May 12, 2003, and reinstate the first judgment signed on March 27, 2003.

Jurisdictional Amount
The City/Parish next argues that Jarmonica's damages should be limited to twenty thousand dollars ($20,000.00) rather than the thirty-five thousand dollars ($35,000.00) awarded because it was denied a jury trial pursuant to La. C.C.P. art. 1732. At the time the present suit was filed, La. C.C.P. art. 1732 precluded a jury trial where the amount sought in a cause of action did not exceed twenty thousand dollars ($20,000.00). Nonetheless, on the stipulation of Ms. Scarbrough, on behalf of her daughter that the value of her claim did not exceed the current jurisdictional amount of fifty thousand dollars ($50,000),[2] the trial court struck the jury and conducted a bench trial on Jarmonica's claim.
We observe from the record that Ms. Scarbrough's stipulation was that Jarmonica's claim did not exceed fifty thousand dollars ($50,000.00). Mrs. Scarbrough's counsel made no specific reference to a "jurisdictional amount." Further, the City/Parish did not object to striking the jury. When the City/Parish failed to contemporaneously object, it waived this objection and cannot argue this alleged error for the first time on appeal. See Bailey v. Bolton, 98-2026, p. 2 (La.App. 1 Cir. 9/10/98), 755 So.2d 254, 255. Under these circumstances, we conclude that no legal basis exists for reducing the award in favor of Jarmonica. This assignment of error is without merit.

Cause in Fact/Degree of Fault
The City/Parish next argues in assignments of error 5 and 6 that the plaintiffs failed to prove that any acts of the City/Parish were proven to be a cause in fact of Eric Scarbrough's injuries and death. Alternatively, the City/Parish argues that the jury erred in not apportioning any fault to Eric Scarbrough, in not apportioning a higher degree of fault to the truck driver, and in not reducing the City/Parish's degree of fault accordingly. We disagree.
We review whether a defendant's conduct was a cause in fact of a plaintiff's injuries under the manifest error standard. Perkins v. Entergy Corp., 00-1372, p. 3 (La.3/23/01), 782 So.2d 606, 609. Further, where multiple causes are present, courts generally employ the "substantial factor" *245 test to determine whether a defendant's conduct played any part in bringing about the plaintiff's harm. Roberts v. Benoit, 605 So.2d 1032, 1042 (La.1991). If a defendant's conduct was a "substantial factor," the cause-in-fact element is established. Id. "Stated differently, the inquiry is `[d]id the defendant contribute to the plaintiff's harm or is the defendant a cause of the plaintiff's harm?"' (Citation omitted.) Id. See also Hill v. Lundin & Associates, Inc., 260 La. 542, 547, 256 So.2d 620, 622 (1972).
In addition, a trier of fact's determination of the allocation of fault is a factual finding that cannot be overturned in the absence of manifest error. Williams v. City of Baton Rouge, 02-0682, p. 12 (La.App. 1 Cir. 3/28/03), 844 So.2d 360, 371. Consequently, we determine whether the factfinder's conclusion was a reasonable one, not whether the trial court was right or wrong. Williams, 02-0682 at pp. 12-13, 844 So.2d at 371.
Accordingly, we look at the conduct of the truck driver, Oree Knighten, the conduct of the City/Parish, and the conduct of the deceased, Eric Scarbrough, to determine whether the jury and the trial court erred in their determinations regarding cause in fact and allocation of fault.

Conduct of Oree Knighten
The evidence in the record clearly supports the jury and trial court findings that Mr. Knighten's conduct was a substantial factor, thus a cause in fact, of Eric Scarbrough's injuries and death. From the record, the factfinders could reasonably have concluded that Mr. Knighten failed to maintain a proper lookout for a hazard that could have been avoided by use of ordinary care, that he failed to see what he should have seen, that he failed to give a proper warning by honking his horn or otherwise, that he failed to exercise proper precautions, and that he failed to exercise ordinary care and prudence. Accordingly, the factfinders were not manifestly erroneous in finding that Mr. Knighten's conduct was a cause in fact of Eric Scarbrough's injuries and death.
Both the jury and trial court allocated 85% fault to Mr. Knighten in causing Eric Scarbrough's injuries and death. After careful review of the record, we cannot conclude that this apportionment is manifestly erroneous.

Conduct of the City/Parish
The jury found that a cause in fact of Eric Scarbrough's death was a defective condition in Mohican Street. The trial court apparently did also. The defect presented to the factfinders was that Mohican Street was too narrow at eighteen feet, three inches (18'3") wide for the safety of pedestrians. This existence of the defect was supported by the testimony of the plaintiffs' expert in civil engineering safety and design, Mr. James Clary, who testified that Eric Scarbrough would not have been hit had the street been twenty feet wide. The City/Parish argues that the conduct of the truck driver and of Eric Scarbrough were the causes in fact of the accident due to their respective inattentiveness. However, we cannot conclude that the factfinders were manifestly erroneous in finding that the City/Parish's governance over a narrow street was a cause in fact of Eric Scarbrough's injuries and death and in apportioning some degree of fault.
Even so, within its cause-in-fact argument, the City/Parish further argues that the risk of harm to plaintiff was not within the scope of protection of any duty owed by the City/Parish. The City/Parish acknowledges "that it has a duty to keep its roadways safe and reasonable for persons exercising ordinary care and reasonable prudence." It also acknowledges that it has a duty "to bring old roadways up to *246 modern standards" where "a new construction or major reconstruction of the roadway has taken place."
The City/Parish argues, however, that it had no duty to widen Mohican Street because the street was constructed according to standards applicable at the time of construction and because Mohican Street had not been reconstructed. It acknowledges the testimony of Mr. Clary, the plaintiffs' expert, that Mohican Street had to have been reconstructed because of the soil cement base that would not have been used at the time of road construction. But it argues that the factfinders were manifestly erroneous in crediting this testimony because a document, a 1946 Baton Rouge city ordinance, discredited Mr. Clary's premise by showing two permissible street base construction methodssoil cement or sand clay gravel.
In this regard, we observe that the existence of the ordinance does not directly contradict Mr. Clary's statement. That the City/Parish could have employed a soil cement base in the 1940s does not mean that it ever did. Further, the City/Parish did not confront Mr. Clary with this document even though it had the ordinance prior to Mr. Clary's testimony. Nor did the City/Parish offer any independent expert testimony to contradict Mr. Clary. The 1946 ordinance was admitted into evidence, and the factfinders attributed the weight they thought due. We, therefore, cannot conclude that the factfinders were manifestly erroneous in finding the road width to be a defective condition that was a cause in fact of Eric Scarbrough's injuries; nor did they err in concluding under the narrow facts of this case that the risk of harm to Eric Scarbrough was within the scope of protection of the self-observed duty owed by the City/Parish.

Conduct of Eric Scarbrough
The City/Parish next argues that the factfinders erred in failing to attribute any comparative fault to Eric Scarbrough, who was twelve years old at the time of his death. Specifically, it asserts that Eric Scarbrough violated La. R.S. 32:213, which requires pedestrians to yield the right of way to all vehicles on the roadway.
A child is not held to the same standard of care as that of an adult. Rather, "[t]he test is whether the particular child, considering his age, background, and inherent intelligence, indulged in gross disregard of his own safety in the face of a known risk, understood and perceived the danger." Robertson v. Penn, 472 So.2d 927, 931-932 (La.App. 1 Cir.1985). Here, the factfinders considered Eric Scarbrough's age, his development, evidence of his proximity to the road and other relevant factors. They concluded that Eric Scarbrough did not contribute to his own injuries and death. These findings are supported by the record and are not manifestly erroneous.
Accordingly, the City/Parish's assignments of error 5 and 6 regarding causation and degree of fault are without merit.

Excessive Damages
The City/Parish next argues that the jury abused its discretion in awarding excessive damages to Winafred Scarbrough for Eric Scarbrough's wrongful death and for her mental anguish. We disagree and conclude the jury did not abuse its discretion in making the awards it did.
The trier of fact is given much discretion in the assessment of damages. La. C.C. art. 2324.1. On appellate review, damage awards will be disturbed only when there has been a clear abuse of that discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). The initial inquiry must always be directed at whether *247 the trial court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's much discretion. Emery v. Owens-Corporation, 00-2144, pp. 21-22 (La.App. 1 Cir. 11/9/01), 813 So.2d 441, 457, writ denied, 02-0635 (La.5/10/02), 815 So.2d 842; Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993) (citing Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976)), the court instructed that, "Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion." We cannot conclude that the jury abused its discretion in making its awards in light of the evidence of Winafred and Eric Scarbrough's pain, suffering and distress. Accordingly, we cannot look at the prior awards as the City/Parish suggests. This assignment of error is without merit.

ISSUES RAISED IN ANSWER TO APPEAL

Contribution
In her first assignment of error raised on answer to appeal, Winafred Scarbrough asserts that the reinstated March 27, 2003 judgment was signed in error.[3] Specifically, she asserts that the City/Parish should be held 50% at fault, rather than 15% at fault, as required by the comparative fault law in effect at the time of the accident.[4] We disagree.
In 1993 at the time Eric Scarbrough died, La. C.C. art. 2324 B provided in pertinent part that "liability for damages caused by two or more persons shall be solidary only to the extent necessary for persons suffering injury, death, or loss to recover fifty percent of his recoverable damages." Accordingly, Winafred Scarbrough argues that the City/Parish's solidary liability should be set at 50%.
The City/Parish, however, argues that it is entitled to a credit for the percentages of proportionate fault attributable to the settled defendants, in this case a credit for 85% fault attributed to the truck driver who hit Eric Scarbrough.
In Taylor v. U.S. Fidelity & Guar. Ins. Co., 630 So.2d 237, 239 (La.1993), the Louisiana Supreme Court observed:
Although Articles 1803 and 1804 were enacted in 1985 ..., Louisiana courts have long recognized that when a plaintiff settles with and releases one of several joint tortfeasors, he thereby deprives the remaining obligors of the right to contribution against the released obligor.... And when the adoption of comparative fault introduced the concept of apportioning fault among joint tortfeasors who are solidary obligors, the rule emerged that a plaintiff's settlement with one solidary obligor reduces his recovery against the remaining obligors by the percentage of the proportionate fault of the released obligor. The amount received by the plaintiff in settlement is irrelevant to *248 the calculation of the amount of the reduction. [FN9] Of course, the reduction applies only when the remaining defendants prove at trial that the released party was a joint tortfeasor and therefore solidarily liable. [Internal note and citations omitted; emphasis added.]
FN9. The federal decision relied on by the intermediate court in the present case allowed a dollar-for-dollar credit, reasoning that a maritime plaintiff should not recover more than the damages determined at trial. The different rule set out in La.Civ.Code arts. 1803-04 allows a credit against the amount of damages only for the proportionate amount that the released tortfeasor would have been cast in judgment after trial. Thus, under the Louisiana statutes the plaintiff who settles shrewdly for a large sum with a defendant ultimately found to bear a small percentage of fault reaps the benefit of his negotiations. But the converse is also true, and when the plaintiff accepts in settlement less than the proportionate amount ultimately attributed to the released defendant, he bears the loss and receives less than his total damages. In either event, the non-settling defendants are not liable for the percent of the total damages proportionate to the fault of the released tortfeasor.
See also Cavalier v. Cain's Hydrostatic Testing, Inc., 94-1496, p. 8 (La.6/30/95), 657 So.2d 975, 981; Farbe v. Casualty Reciprocal Exchange, 00-0076, pp. 3-7 (La.7/6/00), 765 So.2d 994, 996-998; Dennis v. The Finish Line, Inc., 99-1413, 99-1414, pp. 40-43 (La.App. 1 Cir. 12/22/00), 781 So.2d 12, 43-45.
Here, it is not disputed that the settling defendants were proven to be joint tortfeasors and solidarily liable. Thus, the City/Parish is entitled by law to reduce its liability to the plaintiffs by the percentage of the proportionate fault of the released obligors. See Cavalier, 94-1496 at p. 8, 657 So.2d at 981. The record indicates that the proportionate fault of the liable settling truck driver was set by the factfinders at 85%. The City/Parish's liability was set at 15%. With credit for 85% proportionate fault of the settled defendants, 100% of the fault is accounted for and there is no liability remaining with which the City/Parish could be solidary.
The plaintiffs argue, nonetheless, that the City/Parish should be held 50% solidarily liable because it did not file a third party claim against the settled defendants or otherwise specially plead its right to contribution. We have reviewed the cases offered by the plaintiffs and can find no support for this assertion. Rather, the law appears to be to the contrary.[5]See Taylor, supra. See also Cavalier, 94-1496 at p. 8, 657 So.2d at 981. The City/Parish is entitled by law to reduce its liability to the plaintiffs by the percentage of the proportionate fault of the released obligors. Id. Were there any liability remaining from unapportioned fault or inability to pay a *249 proportionate share, or from other reasons, we would hold the City/Parish solidarily liable up to 50%. But here, all proportionate liability has been settled except for the City/Parish's. Accordingly, the reinstated judgment is correct where it apportions 15% liability to the City/Parish.
This assignment of error is without merit.

Adequacy of Survival Damages/Failure to Grant JNOV
Winafred Scarbrough argues in her second assignment of error on answer to appeal that the jury awarded legally inadequate survival damages for Eric Scarbrough. In support of this assertion, she points out the gory nature of the accident, Eric Scarbrough's suffering, the painful medical treatment he endured before he died, and his awareness of what was happening to him prior to dying eleven days later. Despite these considerations, we cannot conclude the jury abused its discretion in determining the proper amount to award for Eric Scarbrough's survival action. As stated above, we will disturb a damage award only when there has been a clear abuse of the trier of fact's much discretion. Theriot, 625 So.2d at 1340. The jury decided what weight to give to the evidence and apparently did not accept that Eric Scarbrough suffered as fully as Ms. Scarbrough asserts. While the survival damages seem to be on the low side, we find no abuse of discretion and will not substitute our judgment for that of the jury. This assignment of error is without merit.
In her third assignment of error, Ms. Scarbrough argues that the trial court erred in failing to grant her motion for JNOV to correct the allegedly inadequate survival damages for Eric Scarbrough. Since we have concluded that the jury did not abuse its discretion in making its award for survival damages, we conclude the trial court did not err in failing to grant a JNOV on this ground. This assignment of error is without merit.

DECREE
For the foregoing reasons, we vacate the judgment of May 12, 2003. We reinstate the judgment of March 27, 2003, which we affirm. Costs are assessed to the plaintiffs.
MAY 12, 2003 JUDGMENT VACATED; MARCH 27, 2003 JUDGMENT REINSTATED AND AFFIRMED.
PETTIGREW, J., concurs without reasons.
McCLENDON, J., concurs in part and dissents in part with reasons.
McCLENDON J., concurring in part and dissenting in part.
I respectfully dissent from that portion of the majority opinion affirming the jury's award of $897,400 to Mrs. Scarbrough in general damages for the wrongful death of her son and for her mental anguish for seeing Eric at the scene of the accident. I consider the award to be greater than that which a reasonable trier of fact could assess under the facts of this case. In my opinion, the jury abused its discretion and the award should be reduced. See Theriot v. Allstate Ins. Co., 625 So.2d 1337 (La.1993)
In all other respects, I concur with the findings of the majority.
NOTES
[1] The petitions of Jarmonica Scarbrough and Dwayne Forkner were tried before the trial court simultaneously with the jury trial. While the judgment reflects that the trial court entered an award in Jarmonica's favor "for reasons orally assigned," we can find no such reasons in the record. The judgment is silent as to Mr. Forkner's claim.
[2] The City/Parish acknowledges that Ms. Scarbrough believed the jurisdictional amount to be fifty thousand dollars ($50,000.00). The record indicates that counsel for the City/Parish also believed the jurisdictional amount to be fifty thousand dollars ($50,000.00).
[3] She also asserts that the second judgment dated May 12, 2003, was a legal correction of an error in calculation from the prior judgment. We disagreed with this argument above, vacating the May 12, 2003 judgment and reinstating the March 27, 2003 judgment.
[4] The plaintiffs first argue that the factfinders were manifestly erroneous in apportioning only 15% fault to the City/Parish, arguing that City/Parish fault should be much higher. As discussed above, however, we find no manifest error in the factfinders' allocations of fault.
[5] The plaintiffs argue that a Fourth Circuit case, Oubre v. Eslaih, 02-1386, 02-1387, 02-1388 (La.App. 4 Cir. 2/26/03), 840 So.2d 54, rev'd on other grounds, 03-1133 (La.2/6/04), 869 So.2d 71, supports their position. We observe, however, that this case fails to address the effect of settlement on the defendant, City of New Orleans', contribution rights as discussed in Taylor and the other cases cited above. We also observe that the Oubre court failed to apportion fault to the State of Louisiana, which did not settle. Nor did it apportion fault in a specific percentage to another defendant who did settle. Therefore, no fault is apportioned from which the City's contribution rights and credits could be calculated. Accordingly, we find Oubre to be unpersuasive.